UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No.: 2:18-cr-20 |
| | ) |
| SHAN LAVAR BEAMON, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant Shan Lavar Beamon was indicted by a grand jury on February 8, 2018, on three counts of false statement in violation of 18 U.S.C. § 1001(a)(2) (Counts 1, 2, 6); one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3); one count of distribution of heroin in violation of 21 U.S.C. § 841(a) (Count 4); and one of transfer of firearm to a felon in violation of 18 U.S.C. § 922(d) (Count 5). ECF No. 1. The Court was notified that the Defendant wished to plead guilty and on July 3, 2018, and the District Judge issued an Order authorizing a Magistrate Judge to conduct proceedings required by Federal Rule of Criminal Procedure 11 incident to the making of a plea. ECF No. 16. The matter was referred to the undersigned who conducted the required plea colloquy pursuant to Rule 11 on July 16, 2018. *See* 28 U.S.C. § 636(b)(1); *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997).

At the plea hearing, the Defendant was placed under oath and pled guilty to Counts 4, 5 and 6 of the Indictment. ECF No. 18. During the colloquy, the Defendant presented a signed Statement of Facts which he agreed was accurate, and to which he did not object or take exception to. With respect to Count 5, the transfer of a firearm to a felon charge, the Defendant

admitted to participating in a sham transaction on September 8, 2016, in which he pretended to purchase a firearm and heroin from an individual identified as "T.E.". ECF No. 20. In actuality, the Defendant admitted that the day before, on September 7, 2016, he offered T.E. $200.00 to participate in a sham firearm and drug transaction for the benefit of an unidentified customer who would observe the transaction. *Id.* T.E. advised law enforcement that on September 7, the Defendant delivered the firearm and the heroin to T.E. in advance of the sham transaction.[1] *Id.* At the time of the transaction, T.E. was a convicted felon who had been convicted of robbery and use of a firearm in the commission of a felony in 2007 following his and Defendant's arrest on these charges in 2006.[2] *Id.* The undersigned accepted the Defendant's plea and ordered that the plea agreement be filed. Sentencing was scheduled for October 23, 2018.

However, after the hearing, Defendant sent a letter to the Court casting doubt on the facts supporting Defendant's prior plea of guilt to Count 5, the transfer of a firearm to a felon charge. ECF No. 23. Specifically, Defendant wrote:

> I have no problem honoring my plea agreement with the United States Court system. Its [sic] just that this firearm charge isn't sitting well with me when I know I did not possess or transfer a firearm to anyone. [T.E.] has deceived the court by saying I gave him a gun and he didn't know what my intentions were. When indeed he did know and the gun was in fact his that was the reason he was going to receive $200.00 because he was selling the gun for that amount.

*Id.* at 1-2. The next day, the Defendant sent another letter to the Court in which he advised that, after speaking with his lawyer, he had a "better understanding now about why I have to take the gun charge. I have signed a plea agreement that I must honor." ECF No. 24 at 1.

---

[1] Defendant admitted in the Statement of Facts: "BEAMON specifically admits that he distributed the seized heroin and firearm to T.E. in advance of the sham transaction witnessed by law enforcement on September 8, 2016." ECF No. 20 at 7 n.4.
[2] T.E. pled guilty to a charge of felon in possession of a firearm for his role in this transaction. *See* Case No. 2:17cr16, ECF Nos. 1, 19.

Given these circumstances, the Court ordered a hearing to determine whether Defendant's plea of guilty to Count 5 was supported by an independent basis in fact containing each of the essential elements of the offense, and whether Defendant so admitted. At the hearing held on September 24, 2018, the Defendant was placed under oath and the Court engaged in a colloquy with him regarding his inconsistent positions of guilt or innocence on Count 5. ECF No. 27. The Court reviewed the colloquy in which it had engaged with Defendant at the guilty plea hearing, including the discussion regarding the Defendant's being questioned under oath and the consequences of his providing untrue material responses, the elements of the transfer of a firearm to a felon offense and his understanding thereof, and his acknowledgment of the accuracy of the Statement of Facts. *Id.* The Court then asked Defendant to explain the circumstances behind the September 8, 2016, transaction which was the basis for Count 5:

> THE COURT: Why don't you explain to the Court exactly what happened during that transaction.
> THE DEFENDANT: I provided [T.E.] with the heroin. I was selling [T.E.'s] firearm. I did give [T.E.] the heroin. The firearm was [T.E.'s] to begin with. He had no knowledge who I was selling the firearm to, but knew I was selling a firearm.
> THE COURT: Did you ever provide the firearm to [T.E.]? Did you ever get it from him and then provide it back to him?
> THE DEFENDANT: I never gave [T.E.] the gun, but being part of that sham situation, I'm going to take full responsibility for the whole situation.

*Id.* at 7:2-14.

In accepting a defendant's plea of guilt, the Court shall ensure a defendant's plea is made knowingly, voluntarily, and intelligently, and that there exists an adequate factual basis to support a defendant's plea of guilt. *See* Fed. R. Crim. P. 11; *United States v. Hyde*, 520 U.S. 670, 672 (1997); *United States v. Pino*, 2018 U.S. Dist. LEXIS 150894, *3-4 (E.D. Va. 2018). The District "Court has 'continuing authority to determine whether there is an adequate factual

3

basis to support a plea of guilty' prior to sentencing." *Pino*, 2018 U.S. Dist. LEXIS 150894 at *5-6 (vacating Defendant's prior plea of guilt) (quoting *United States v. Blunt*, 540 F. Supp. 2d 664, 665 (E.D. Va. 2008)). In the instant case, the Defendant has provided facts inconsistent with the Statement of Facts to which he earlier agreed. Defendant maintains he did not engage in the conduct that supports Count 5. Defendant clearly stated under oath that he never gave a firearm to T.E., conduct that is necessary to a finding of guilt under 18 U.S.C. § 922(d), transfer of a firearm to a felon.

Because the Defendant's Plea Agreement is conditioned on Defendant's plea of guilt to Count 5, the Court requested counsel provide suggestions for an appropriate course of action to address the underlying Plea Agreement. The Government provided that the Court could reject the Plea Agreement in its entirety or reject only those parts of the Plea Agreement that relate to Count 5. ECF No. 27 at 8:20-9:11. When the government offers and a defendant accepts a plea deal, each side considers the implications of entering into the agreement from a wholistic perspective. While the Court has identified no case law directly addressing the procedure of such a circumstance, *United States v. Blunt*, however, provides some guidance on this issue. 540 F. Supp. 2d 664. In that case, the defendant pled guilty to two counts of an eight-count indictment. *Id.* at 665. The Court accepted defendant's guilty plea to two counts, including use of a firearm during and in relation to a drug trafficking crime. *Id.* Before sentencing, however, the United States Supreme Court issued an opinion which held that receiving a firearm in exchange for drugs does not constitute "use." *Id.* (quoting *United States v. Watson*, 552 U.S. 74, 83 (2007)). The court held a hearing to determine whether, in light of the Supreme Court's decision, the facts continued to support a finding of guilt. In finding the facts no longer

4

supported guilt and after vacating the defendant's plea, the court allowed the parties to renegotiate the plea and directed the parties to advise the court whether they wished to proceed to sentencing on the other count. *Id.* at 666.

After examining the Defendant under oath concerning his prior plea and his letters to the Court, after reviewing the Indictment, Statement of Facts, and the Plea Agreement, and for the reasons stated on the record, the undersigned **RECOMMENDS** the United States District Judge **VACATE** Defendant's plea of guilty to Count 5 of the Indictment. In particular, the undersigned **FINDS** that, despite a continued desire to plead guilty, Defendant has made statements under oath inconsistent the Statement of Facts and inconsistent with the elements of the offense of transfer of a firearm to a felon charged in Count 5 of the Indictment. Because the Plea Agreement is conditioned on Defendant's plea of guilt to Counts 4, 5, and 6, the undersigned further **RECOMMENDS** the United States District Judge **REJECT** the Plea Agreement and permit the parties to reconsider the plea negotiations and resulting Plea Agreement in its entirety.

## REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Fed. R. Civ. P. 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to counsel of record for the parties.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 26, 2018