UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

**v.**                                              Criminal No. 2:18cr20

**SHAN LAVAR BEAMON,**

      **Defendant.**

## ORDER

Defendant, Shan Lavar Beamon, was indicted by a grand jury on February 8, 2018, on three counts of False Statement, in violation of 18 United States Code § 1001(a)(2) (Counts 1, 2, 6); one count of Felon in Possession of a Firearm, in violation of 18 United States Code § 922(g)(1) (Count 3); one count of Distribution of Heroin, in violation of 21 United States Code § 841(a)(1) (Count 4); and one count of Transfer of a Firearm to a Felon, in violation of 18 United States Code § 922(d) (Count 5). ECF No. 1. The Court was notified that Defendant wished to plead guilty, and on July 3, 2018, the undersigned District Judge entered an Order authorizing a Magistrate Judge to conduct proceedings required by Federal Rule of Criminal Procedure 11 incident to the making of a plea. ECF No. 16. The plea hearing was subsequently scheduled for July 16, 2018 before Magistrate Judge Lawrence R. Leonard. ECF No. 16.

At the plea hearing on July 16, 2018, Defendant was placed under oath and pled guilty to Counts 4, 5, and 6 of the Indictment. ECF No. 18. During the plea colloquy, Defendant presented a signed Statement of Facts which he agreed was accurate, and to which he did not object or take exception to. Judge Leonard accepted Defendant's plea and ordered that the Plea Agreement and Statement of Facts be filed. ECF Nos. 19, 20. Sentencing was scheduled for October 23, 2018 before the undersigned District Judge.

Following the plea agreement hearing, Defendant sent a letter to the Court casting doubt on the facts supporting his prior plea to Count 5, the transfer of a firearm to a felon charge, ECF No. 23. The next day, Defendant sent another letter to the Court in which he advised that, after speaking with his attorney, he had a "better understanding now about why I have to take the gun charge. I have signed a plea agreement that I must honor." ECF No. 24 at 1.

In light of Defendant's letters to the Court, the Court ordered a hearing to determine whether Defendant's plea to Count 5 was supported by an independent basis in fact containing each of the essential elements of the offense, and whether Defendant so admitted. At the hearing held on September 24, 2018, before Judge Leonard, Defendant was placed under oath and the Court engaged in a colloquy with him regarding his inconsistent positions of guilt or innocence to Count 5. Following a review of the colloquy in

which the Court had engaged with Defendant at the guilty plea hearing, including a discussion regarding Defendant being questioned under oath and the consequences of his providing untrue material responses, the elements of the transfer of a firearm to a felon offense and his understanding thereof, and his acknowledgement of the accuracy of the Statement of Facts, Magistrate Judge Leonard found that Defendant had provided facts inconsistent with the Statement of Facts to which he earlier agreed. In fact, Defendant maintained that he did not engage in the conduct that supported Count 5 and clearly stated under oath at the hearing that he never gave a firearm to an individual identified as "T.E.," conduct which was necessary to a finding of guilt under 18 U.S.C. § 922(d), transfer of a firearm to a felon.

After examining Defendant under oath concerning his prior plea and his subsequent letters to the Court, after reviewing the Indictment, Statements of Facts, and the Plea Agreement, and hearing from counsel at the hearing held on September 24, 2018, Magistrate Judge Leonard found that, despite a continued desire to plead guilty, Defendant had made statements under oath inconsistent with the Statement of Facts and inconsistent with the elements of the offense of transfer of a firearm to a felon charged in Count 5 of the Indictment. In a Report and Recommendation prepared by Magistrate Judge Leonard on September 26, 2018, he recommended to the undersigned District Judge that the Court vacate

Defendant's plea of guilty to Count 5 of the Indictment; and further recommended that, because the Plea Agreement was conditioned on Defendant's plea of guilt to Counts 4, 5 and 6, the United States District Judge should reject the Plea Agreement and permit the parties to reconsider the plea negotiations and resulting Plea Agreement in its entirety. ECF No. 28. The parties were notified of the procedure for filing objections to the Report and Recommendation and no objections have been received by the Court.

The Court, having reviewed the record and having received no objections to the Report and Recommendation, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation. It is, therefore, **ORDERED** that Defendant's plea of guilty to Count 5 of the Indictment is **VACATED** and Defendant's Plea Agreement entered on July 16, 2018, is **REJECTED** in order for the parties to reconsider plea negotiations and the resulting Plea Agreement in its entirety.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 24, 2018